## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



**FILED**

Jun 15 2016, 8:17 am

**CLERK**
Indiana Supreme Court
Court of Appeals
and Tax Court

| ATTORNEY FOR APPELLANT | ATTORNEY FOR APPELLEE |
|---|---|
| John P. Brinson | Julianna L. Fox |
| Evansville, Indiana | Evansville, Indiana |

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Steven E. Webb, | June 15, 2016 |
| *Appellant-Respondent,* | Court of Appeals Cause No. 87A04-1512-DR-2285 |
| v. | Appeal from the Warrick Circuit Court |
| Marla R. Webb, | The Honorable Greg A. Granger, Judge |
| *Appellee-Petitioner.* | Trial Court Cause No. 87C01-1501-DR-41 |

**Barnes, Judge.**

# Case Summary

[1] Steven Webb appeals the trial court's parenting time order in his dissolution of marriage to Marla Webb. We remand.

# Issue

[2] We address one dispositive issue raised by Steven, which we restate as whether the trial court's failure to make specific findings and conclusions to support a restriction of Steven's parenting time requires remand.

# Facts

[3] Steven and Marla began a relationship in 2004, and they married in 2008. They had two children, Gr.W, born in May 2006, and Gi.W., born in October 2009. Marla filed a petition for dissolution of marriage in January 2015. In June 2015, the trial court entered a provisional order that allowed Steven to have "supervised day visitation" with the children at his grandmother's house on alternative weekends from 9:00 a.m. to 4:00 p.m. App. p. 17. After a hearing, the trial court entered a decree of dissolution and found, in part:

> CHILD CUSTODY:
>
> The Husband was recently laid off from his employment with Alliance Coal (Gibson County Coal). The Husband has had a prior prescription drug addiction, as well as being treated for depression. The Court heard testimony that the Husband was not an active participant in his children's lives.

The Wife is awarded sole legal and physical custody of the parties' two children.

PARENTING TIME:

The Husband shall have supervised day visitation with the children at his grandmother, Charlotte Bickmeyer's, residence on Wednesdays from 6:00 p.m. until 8:00 p.m., and on alternating weekends beginning Saturday, December 5, 2015 from 9:00 a.m. until 4:00 p.m., and Sunday from 9:00 a.m. until 4:00 p.m.

During the Husband's parenting time his sister, Melanie Akers Webb, shall not be present. The parties shall follow the Indiana Parenting Time Guidelines for holidays, except during the Husband's holiday time he shall have no overnights.

App. pp. 9-10. Steven now appeals.

# Analysis

[4] Steven challenges the trial court's restriction of his parenting time. A decision about parenting time requires us to "give foremost consideration to the best interests of the child." *Perkinson v. Perkinson*, 989 N.E.2d 758, 762 (Ind. 2013). Parenting time decisions are reviewed for an abuse of discretion. *Id.* Judgments in custody matters typically turn on the facts and will be set aside only when they are clearly erroneous. *Id.* "We will not substitute our own judgment if any evidence or legitimate inferences support the trial court's judgment." *Id.*

Steven argues that the trial court erred by not issuing the necessary findings before restricting his parenting time. Indiana Code Section 31-17-4-1(a) provides:

> A parent not granted custody of the child is entitled to reasonable parenting time rights unless the court finds, after a hearing, that parenting time by the noncustodial parent might endanger the child's physical health or significantly impair the child's emotional development.

Our supreme court has explained:

> Extraordinary circumstances must exist to deny parenting time to a parent, which necessarily denies the same to the child. If the trial court finds such extraordinary circumstances do exist, then the trial court shall make specific findings regarding its conclusion that parenting time would endanger the child's physical health or significantly impair the child's emotional development.

*Perkinson v. Perkinson*, 989 N.E.2d 758, 765 (Ind. 2013). Further, where a trial court deviates from the Indiana Parenting Time Guidelines, the trial court is required to issue "a written explanation indicating why the deviation is necessary or appropriate in the case." Ind. Parenting Time Guideline Preamble(C)(3).

Steven argues that the trial court's order does not contain the required specific findings to restrict his parenting time. Marla concedes that "the trial court did not set forth the specific findings required by statute nor the required written reason for deviation" from the Indiana Parenting Time Guidelines. Appellee's

Br. p. 9. Marla agrees that we should remand to the trial court "for the purpose of making specific findings regarding its order of restricted parenting time." *Id.* We agree that the trial court's order lacks the necessary findings and conclusions to restrict Steven's parenting time. We remand for the trial court to issue detailed findings regarding this issue.

## Conclusion

[7] Because the trial court's order lacks the required findings necessary to restrict Steven's parenting time, we remand.

[8] Remanded.

Vaidik, C.J., and Mathias, J., concur.